The Chief Justice:
The plaintiffs in error were sued jointly as indorsers of a promissory note. The process was directed to the coroner, but was served on one of the defendants by a deputy sheriff. As to the other two defendants the service was in these words: “ Service acknowledged 2d April, 1838. (signed) C. P. Smith. William T. Lewis.” A judgment by default generally was taken, which it is said was erroneous for want of service. In the case of Harvie v. Bostick, 1 Howard, a service precisely like this was held to be insufficient to justify a judgment by default, without proof of the acknowledgment. That decision is decisive of this question.
It appears that a forthcoming bond was given by one of the parties, or rather by the maker of the note with one of the parties as security. This might be considered as a bar to the writ of error, but it does not appear that it was forfeited. The statute declares that no writ of error shall be granted after forthcoming bond given and forfeited. The forfeiture is necessary to complete the bar.
Judgment reversed and cause remanded.